UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG PUKANECZ,  :  <br>　　　Plaintiff,  :  <br>　　v.  :   No. 5:22-cv-00327 <br> :  <br> TARGET CORPORATION, KIMCO  : <br> REALTY CORPORATION, and  : <br> SERENITY PROPERTY SERVICES,  : <br> LLC,  : <br>　　　Defendants.  : | |

**O P I N I O N**

**Joseph F. Leeson, Jr.**　　　　　　　　　　　　　　　　　　　　　　　　　　**March 2, 2022**
**United States District Judge**

　　　This matter involves personal injury claims by Plaintiff Craig Pukanecz against Defendants Target Corporation, Kimco Realty Corporation, and Serenity Property Services, LLC. On February 7, 2022, Defendant Serenity Property Services, LLC ("Serenity") filed a Motion to Dismiss Pukanecz's Complaint for lack of personal jurisdiction. *See* Mot., ECF No. 14. On February 18, 2022, Pukanecz filed a letter that simply indicated he would not be filing a response to Serenity's motion. *See* ECF No. 16. Finding the thrust of Pukanecz's letter unclear, this Court Ordered Pukanecz to either (1) indicate a clear lack of opposition to Serenity's motion, or (2) file an appropriate response thereto. *See* ECF No. 17. On February 28, 2022, Pukanecz filed a second letter, this time indicating that he does not oppose Serenity's motion. Accordingly, this Court reviews the motion as unopposed. Following its review, this Court grants Serenity's motion and dismisses Serenity as a party to this action.

　　　Where a defendant challenges the existence of personal jurisdiction, the plaintiff bears the burden of making a prima facie showing that jurisdiction exists. *Aetna Inc. v. Insys Therapeutics, Inc.*, 324 F. Supp. 3d 541, 550 (E.D. Pa. 2018) (citing *O'Connor v. Sandy Lane*

*Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007)).  A plaintiff may not "rely on the bare pleadings alone in order to withstand a defendant's motion to dismiss for lack of personal jurisdiction." *Time Share Vacation Club*, 735 F.2d at 66 n.9 (citing *Int'l Assoc. of Machinists & Aerospace Workers v. Nw. Airlines, Inc.*, 673 F.2d 700 (3d Cir. 1982)).

Serenity asserts that it has no contacts with Pennsylvania sufficient to permit a finding of personal jurisdiction.  In particular, Serenity avers that it is incorporated in New Jersey and does business exclusively within the same.  *See* Mot. 52, Ex. C (Affidavit of Randi Wolf).  Serenity further avers that it does not have an agent for service in Pennsylvania; has no operations, employees or bank accounts in Pennsylvania; has no place of business or real estate in Pennsylvania; and does not advertise or solicit business in Pennsylvania.  *See id.*  In response, Pukanecz has indicated that he does not oppose Serenity's motion.  Moreover, because the burden rests with Pukanecz to go beyond his pleadings with evidence of personal jurisdiction, his lack of opposition represents a failure to meet that burden.  Accordingly, this Court grants Serenity's unopposed motion and dismisses Serenity as a party to the matter for lack of personal jurisdiction.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

2
030222